**IN THE UNITED STATES DISTRICT COURT**
**IN THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SHIRLEY MURPHY**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TRANS UNION, LLC, EQUIFAX INFORMATION SERVICES, LLC, and EXPERIAN INFORMATION SOLUTIONS, INC.**<br><br>**Defendants.** | **Civil Action No.** |

## COMPLAINT

## PRELIMINARY STATEMENT

1. This is an action for damages brought by individual consumer, Shirley Murphy, against Trans Union, LLC, Equifax Information Services, LLC, and Experian Information Solutions, Inc., (collectively "Defendants") for violations of the Fair Credit Reporting Act (hereinafter the "FCRA"), 15 U.S.C. §§ 1681, *et seq.,* as amended.

## THE PARTIES

2. Plaintiff, Shirley Murphy is an adult individual residing at 3151 South 1000 West, Syracuse, Utah 84075.

3. Defendant, Trans Union, LLC (hereafter "Trans Union"), is a business entity which regularly conducts business in the Eastern District of Pennsylvania, Philadelphia County, and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

4. Defendant, Equifax Information Services, LLC (hereafter “Equifax”) is a business entity that regularly conducts business in the Eastern District of Pennsylvania, and which has a principle place of business at 6 Clementon Road, East, Suite A2, Gibbsboro, New Jersey 08026.

5. Defendant, Experian Information Solutions, Inc. (hereafter “Experian”) is a business entity that regularly conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 5 Century Drive, Parsippany, New Jersey 07054.

**JURISDICTION & VENUE**

6. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**FACTUAL ALLEGATIONS**

8. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff’s credit history to third parties (hereafter the “inaccurate information”) from at least April 2011 to the present

9. The inaccurate information includes, but is not limited to, various medical accounts, Capital One, Sears/CBSD, First Premier, Chase Card Services, AMC Mortgage Services, America First Credit Union, Aspen COLL, MTN Land COL, Revenue Cycl, National City Mortgage, Chase Card Services, Metabank/Fingerhut, RC Willey, GDYR/CBSD, ACCRED Home, Bankfirst, West Asset Management, Wells Fargo Home Mortage, Chase, GEMB/JCP, Gottschalks, Wells Fargo Bank, GEMB/Dillards, GEMB/Mervyns, GEMB/Old Navy, Wells Fargo Bank, NV, WFFINANCE, Green Point Savings, PNC Mortgage, Bank of the West, Citifinancial, Citizens CAF, Employees First Credit, WFDS/WDS, CBUSASEARS,

Kohls/Chase, Wells Fargo Bank North, WFF Cards, WFNNB/Lane Bryant and other personal identifying information.

10. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. The inaccurate information consists of accounts and/or tradelines that do not belong to the Plaintiff, and that actually belong to another consumer. Due to Defendants' faulty procedures, Defendants mixed the credit file of Plaintiff and that of another consumer with respect to the inaccurate information and other personal identifying information.

11. Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that it has disseminated to various persons and credit grantors, both known and unknown.

12. Plaintiff has applied for and has been denied various loans and extensions of consumer credit and the basis for these denials was the inaccurate information that appears on Plaintiff's credit reports, which was a substantial factor for those denials.

13. Plaintiff's credit reports and file have been obtained from Defendants and have been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving credit offers and opportunities, known and unknown.

14. As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

15. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

16. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I – ALL DEFENDANTS
## VIOLATIONS OF THE FCRA

17. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

18. At all times pertinent hereto, Defendants were "persons" and "consumer reporting agencies" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

19. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

20. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

21. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendants are liable to the Plaintiff for willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b).

22. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the

full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

21. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C.**

BY: */s/ Mark Mailman*
MARK MAILMAN, ESQUIRE
GREGORY GORSKI, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600
*Attorneys for Plaintiff*

Dated: January 31, 2012