IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHIRLEY MURPHY : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 12-499 |
| TRANS UNION, LLC, ET AL. : | |

**SURRICK, J.**                                                         AUGUST 15, 2012

## MEMORANDUM

Presently before the Court is Defendant Equifax Information Services, LLC's Motion to Transfer Venue. (ECF No. 21.) For the following reasons, the Motion will be granted.

**I. BACKGROUND[1]**

**A. The Parties**

Plaintiff Shirley Murphy is an individual who resides in Syracuse, Utah. (Compl. ¶ 2, ECF No. 1.) Defendant Trans Union, LLC ("Trans Union") is a Delaware limited liability company having a principal place of business in Chicago, Illinois. (Halvorsen Decl. ¶ 3, Pl.'s Resp. Ex. C, ECF No. 23-4.)[2] Trans Union has consumer relations facilities in Crum Lynne,

---

[1] In considering a motion to transfer venue, a court must generally accept as true the allegations in the complaint. *See Hollander v. Hospira, Inc.*, No. 10-235, 2010 WL 4751669, at *1 n.1 (E.D. Pa. Nov. 22, 2010); *see also Andrade v. Chase Home Fin., LLC*, No. 04-8229, 2005 WL 3436400, at *2 (N.D. Ill. Dec. 12, 2005) ("When deciding a motion to transfer venue, the court must accept as true all of plaintiff's well-pleaded facts in the complaint, unless they are contradicted by affidavits or other appropriate evidence from the defendant."); *Fellner v. Phila. Toboggan Coasters, Inc.*, No. 05-2052, 2005 WL 2660351, at *1 (E.D. Pa. Oct. 18, 2005) ("In considering a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), the court must generally accept as true the allegations in the complaint.").

[2] Daniel O. Halvorsen is a Senior Attorney with Trans Union. He reviewed a complaint in an unrelated action, *Smith v. Trans Union*, No. 11-2316 (E.D. Pa. filed Apr. 1, 2011), and submitted a declaration on behalf of Trans Union in support of its motion to transfer venue from the Eastern District of Pennsylvania to the Northern District of Illinois in that matter. (Halvorsen

Pennsylvania and in Fullerton, California. (Compl. ¶ 3; Halvorsen Decl. ¶ 4.) Trans Union's consumer reporting database is located in Chicago, Illinois. (Halvorsen Decl. ¶ 6.) Defendant Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company having a principal place of business, and its headquarters, in Atlanta, Georgia. (Smith Decl. ¶ 8, Def.'s Mot. Ex. A, ECF No. 21-1.)[3] Defendant Experian Information Solutions, Inc. ("Experian") is an Ohio corporation. (Compl. ¶ 5; Experian Answer ¶ 5, ECF No. 9.) Experian's North American headquarters are located in Costa Mesa, California, and it has United States offices in New York, New York, Parsippany, New Jersey, Lincoln, Nebraska, Schaumburg, Illinois, Atlanta, Georgia, Allen, Texas, and Costa Mesa, California. (*See* Experian Answer ¶ 5); *see also* http://www.experian.com/corporate/experian-locations.html (last visited on Aug. 13, 2012).[4]

B.  **Plaintiff's Allegations and Procedural History**

Plaintiff alleges that from at least April 2011 to the date on which she filed the instant Complaint, Defendants have reported derogatory statements and inaccurate information related to Plaintiff and Plaintiff's credit history to third parties. (Compl. ¶ 8.) The inaccurate information concerns various medical accounts; financial accounts, such as Capital One, Sears/CBSD, First Premier, Chase Card Services, AMC Mortgage Services, America First Credit Union, Aspen

---

Decl. ¶¶ 1-2.)

[3] Plaintiff asserts in her Complaint that Equifax is a business that regularly conducts business in this District and which has its principal place of business in Gibbsboro, New Jersey. (Compl. ¶ 4.) However, Equifax disputes that its principal place of business is in Gibbsboro, New Jersey. (Smith Decl. ¶ 24.) Rather, Gibbsboro, New Jersey is where Equifax Mortgage Solutions, a separate division of Equifax, is located. (*Id.* at ¶ 25.) Equifax Mortgage Solutions played no role with respect to the allegations in Plaintiff's Complaint. (*Id.* at ¶ 26.)

[4] Plaintiff cites to the Experian website in her Response. (*See* Pl.'s Resp. 3 n.2.)

2

COLL, MTN Land COL, Revenue Cycle, National City Mortgage, Chase Card Services, Metabank/Fingerhut, RC Willey, GDYR/CBSD, ACCRED Home, Bankfirst, West Asset Management, Wells Fargo Home Mortgage, Chase, GEMB/JCP, Gottschalks, Wells Fargo Bank, GEMB/Dillards, GEMB/Mervyns, GEMB/Old Navy, Wells Fargo Bank, NV, WFFINANCE, Green Point Savings, PNC Mortgage, Bank of the West, Citifinancial, Citizens CAF, Employees First Credit, WFDS/WDS, CBUSASEARS, Kohls/Chase, Wells Fargo Bank North, WFF Cards and WFNNB/Lane Bryant; and other personal identifying information. (*Id.* at ¶ 9.) Plaintiff alleges that the inaccurate information consists of accounts and "tradelines" that do not belong to her, but rather belong to another consumer. (*Id.* at ¶ 10.)

Plaintiff claims that Defendants have disseminated the inaccurate credit information and consumer credit reports to third parties. (*Id.* at ¶ 11.) She states that she has applied for, and has been denied, various loans and extensions of consumer credit. (*Id.* at ¶ 12.) The inaccurate information that appears on Plaintiff's credit reports was a substantial factor in these denials. (*Id.* at ¶¶ 12-13.) Plaintiff claims that she has suffered actual damages in the form of lost credit opportunities, harm to her credit reputation and credit score and emotional distress, including humiliation and embarrassment. (*Id.* at ¶ 14.)

On January 31, 2012, Plaintiff filed a Complaint, alleging that Defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681e(b). (*Id.* at ¶¶ 17-22.) She claims that Defendants "willfully and negligently fail[ed] to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file." (*Id.* at ¶ 21.) On March 13, 2012, Trans Union filed an Answer and Affirmative Defenses. (ECF No. 8.) On March 14, 2012, Experian filed an Answer and Affirmative Defenses. (ECF No. 9.) On

3

April 17, 2012, Equifax filed an Answer. (ECF No. 12.) On May 9, 2012, Equifax filed the instant Motion to Transfer Venue to the Northern District of Georgia. (Def.'s Mot., ECF No. 21.) On June 1, 2012, Plaintiff filed a timely response opposing the Motion. (Pl.'s Resp., ECF No. 23.) On June 8, 2012, Equifax filed a Reply in support of its Motion. (Def.'s Reply, ECF No. 24.) Defendants Trans Union and Experian have not filed any responses with respect to Equifax's Motion.

## II.     LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a).  Section 1404(a) applies when venue is proper both in the district originally chosen and in the proposed transfer district.  A defendant moving for transfer of venue bears the burden of demonstrating that:  (1) the case could have been brought initially in the proposed transferee forum; (2) the proposed transfer will be more convenient for the parties and witnesses; and (3) the proposed transfer will be in the interest of justice.  *Id.*; *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995).  Once the defendant establishes that the action could have been brought in the proposed district, the court must weigh several private and public interest factors to determine whether the balance of conveniences tips in favor of transfer. *Jumara*, 55 F.3d at 879-80.

> The private interest factors that a court considers include:
>
> [1] [The] plaintiff's forum preference as manifested in the original choice; [2] the defendant's preference; [3] whether the claim arose elsewhere; [4] the convenience of the parties as indicated by their relative physical and financial condition; [5] the convenience of the witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and [6] the location of books and records

4

(similarly limited to the extent that the files could not be produced in the alternative forum).

*Id.* at 879 (internal citations omitted). The public interest factors include:

[1] [T]he enforceability of the judgment; [2] practical considerations that could make the trial easy, expeditious, or inexpensive; [3] the relative administrative difficulty in the two fora resulting from court congestion; [4] the local interest in deciding local controversies at home; [5] the public policies of the fora; and [6] the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879-80 (internal citations omitted). The defendant bears the burden of proving that transfer is appropriate. *Id.* at 879.

## III. DISCUSSION

### A. Proper Venue

Venue is proper in (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred," or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). For purposes of Section 1391(b), a corporate defendant resides in "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2).

The parties do not dispute that venue is proper in this District. Nor do the parties appear to dispute that this case could have been brought in Equifax's requested venue of the Northern District of Georgia. Accordingly, we must determine whether the convenience of the parties and

witnesses, and the interests of justice, would be served by transferring this case to the Northern District of Georgia.

B.  **Balancing Factors**

Equifax requests that we transfer this case to the Northern District of Georgia since: (1) none of the events related to this lawsuit occurred in Pennsylvania; (2) no documents related to this case were created, received or are currently maintained in Pennsylvania; (3) none of Equifax's agents had any material communications with Plaintiff in Pennsylvania; (4) all of Equifax's witnesses reside in or near the Northern District of Georgia; (5) all of Equifax's documents related to the allegations in Plaintiff's Complaint are maintained at its headquarters in Atlanta, Georgia; and (6) Pennsylvania has no "meaningful connection" to this case. (Def.'s Mot. ¶¶ 3-8; *see also* Smith Decl.)[5]

Plaintiff responds that Equifax has failed to demonstrate that "litigating this matter in the Northern District of Georgia would be substantially more convenient that[sic] continuing to litigate in this District." (Pl.'s Resp. 1.) Plaintiff also states that witnesses and information relevant to Plaintiff's claims against Defendant Trans Union are located in this District, where Trans Union's national consumer relations center is located. In addition, Plaintiff claims that because the events giving rise to this action "did not occur in one discrete location, a

---

[5] Pamela Smith is the Senior Consumer Relations Specialist for Equifax. She has been employed by Equifax for more than twelve years. Her duties include investigating consumer disputes regarding entries made in consumer credit files. (Smith Decl. ¶¶ 1, 7.) Having reviewed Plaintiff's Complaint and Equifax's records concerning the credit history and the handling of Plaintiff's credit file and disputes, she asserts that she has personal knowledge of the facts associated with this dispute. (*See id.* at ¶¶ 3-5.)

substantially more convenient venue in this case simply does not exist." (*Id.*) Accordingly, Plaintiff argues that her choice of forum deserves deference. (*Id.* at 5.)

   1.   *Private Interest Factors*

      a)   Factors One-Three:  Forum Preference and Where Claim Arose

In considering a transfer request, "[plaintiff's] choice of forum is entitled to great weight and is not to be disturbed unless the balance of convenience strongly favors the defendants' forum." *Blanning v. Tisch*, 378 F. Supp. 1058, 1060 (E.D. Pa. 1974) (citing *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970)); *see also Jumara*, 55 F.3d at 879. "It should be noted, however, that the plaintiff's choice of forum is entitled to less weight where the plaintiff chooses a forum which is neither [her] home nor the situs of the occurrence upon which the suit is based." *Harris v. Nat'l R.R. Passenger Corp.*, 979 F. Supp. 1052, 1053 (E.D. Pa. 1997).

Plaintiff lives in Syracuse, Utah. She has brought this action in the Eastern District of Pennsylvania, which is thousands of miles from her home. The events that form the basis for Plaintiff's claims occurred in several states throughout the United States. (*See* Pl.'s Resp. 4 ("Plaintiff's claims here relate to the reporting, sale and investigation of false and derogatory credit information from remote locations in numerous states.").) Plaintiff has not alleged that any particular event underlying her FRCA claim occurred in this District.[6] When a plaintiff

---

[6] Plaintiff argues that the circumstances giving rise to her claims occurred throughout the United States, including in Pennsylvania. (Pl.'s Resp. 4.) However, the bases for this argument are that: (1) Defendants have business operations located in various states, including Pennsylvania, Georgia, Texas, Illinois and California; (2) Defendants sold false information in various states, including Texas, Oregon, Utah, Maryland and Delaware; and (3) the false information was received in various states, including Florida, North Carolina, Utah, Illinois,

brings suit in a forum that is not her home state and the cause of action did not occur in the forum, her choice is given less weight. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981); *Nat'l Paintball Supply v. Cossio*, 996 F. Supp. 459, 462-63 (E.D. Pa. 1998) ("A plaintiff's choice of forum, however, is entitled to less weight where the plaintiff chooses a forum which is neither his home nor the situs of the occurrence upon which the suit is based."); *Darden v. Trans Union, LLC*, No. 11-6310, 2012 WL 1071227, at *2 (E.D. Pa. Mar. 30, 2012) (giving plaintiff's choice of forum less weight since Trans Union's activities with respect to that particular case were "relatively insignificant," plaintiff did not reside in Pennsylvania, and "virtually none of the events giving rise to this litigation took place in this district"); *Kielczynski v. Consol. Rail Corp.*, 837 F. Supp. 687, 689 (E.D. Pa. 1993) ("Ordinarily, there is a strong

---

Ohio, California, Tennessee, Minnesota, South Dakota, Delaware, New Mexico and Texas. (*Id.*) These allegations do not tie the events giving rise to Plaintiff's claim to Pennsylvania. Indeed, Equifax has submitted evidence to the contrary. (*See* Smith Decl. ¶¶ 17-20 (stating that none of the conduct or activity relevant to Plaintiff's allegations occurred in Pennsylvania and that Equifax's representatives did not conduct or participate in any meetings with Plaintiff in Pennsylvania or have any "material communications with Plaintiff or her representatives by telephone, U.S. mail, electronic mail, or any other means in Pennsylvania").)

"Multiple courts considering § 1404 transfer motions in FCRA cases have noted that the situs of the material events . . . is generally the place where the defendant credit reporting agency conducted its business." *Smith v. Hireright Solutions, Inc.*, No. 09-6007, 2010 WL 2270541, at *4 (E.D. Pa. June 7, 2010) (citing *Bogollagama v. Equifax Info. Servs.*, No. 09-1201, 2009 WL 4257910, at *3 (E.D. Pa. Nov. 30, 2009) (finding that operative facts in FCRA case arose in forum where credit reports were compiled and issued); *Klingensmith v. Paradise Shops, Inc.*, No. 07-322, 2007 WL 2071677, at *2-3 (W.D. Pa. July 17, 2007) (noting that an FCRA class action focuses on the conduct of defendant); *Barela v. Experian Info. Solutions, Inc.*, No. 04-5144, 2005 WL 770629, at *4 (N.D. Ill. Apr. 4, 2005) (noting that an assessment of the relevant events and alleged harms in an FCRA case points to the defendant's place of business as the appropriate venue); *Ayling v. Travelers Prop. Cas. Corp.*, No. 99-3243, 1999 WL 994403, at *5 (E.D. Pa. Oct. 28, 1999) ("Where plaintiff's cause of action arises from strategic policy decisions of a defendant corporation, the defendant's headquarters can be considered the place where events giving rise to the claim occurred.")). While Trans Union has an office in Crum Lynne, Pennsylvania, the other two Defendants do not.

presumption in favor of the plaintiff's choice of forum, although where the plaintiff chooses a forum which is not his home forum, his choice should be given considerably less weight."). Plaintiff has not made the "strong showing of convenience" that is required for her choice of forum to be given deference in these circumstances. *Windt*, 529 F.3d at 190. Thus, Plaintiff's choice of forum will be accorded less deference. *See Bogollagama*, 2009 WL 4257910, at *3 (according plaintiff's choice of forum less deference since plaintiff did not bring the action in his home forum and the complaint did not allege that any of the actions underlying his claims occurred in the district).

With respect to Defendants' preferences, a defendant's forum choice is "entitled to considerably less weight than Plaintiff's, as the purpose of a venue transfer is not to shift inconvenience from one party to another." *EVCO Tech. & Dev. Co. v. Precision Shooting Equip., Inc.*, 379 F. Supp. 2d 728, 730 (E.D. Pa. 2005) (citations omitted). Obviously, Equifax prefers the Northern District of Georgia as the appropriate forum. By not filing responses to Equifax's Motion, the other two Defendants appear to not have a preference. *Cf. Doran v. Credit Bureau Assocs.*, No. 99-2470, 2000 WL 288326, at *1 (E.D. Pa. Mar. 17, 2000) (finding that defendants waived any lack of venue by failing to assert it in a Rule 12(b)(3) motion or other initial responsive pleading, and citing cases). Factors One, Two and Three weigh in favor of transfer.

b) Factors Four-Six: Other Private Interest Convenience Factors

Since Equifax's headquarters are located in Atlanta, Georgia, litigating this matter in the Northern District of Georgia would clearly be more convenient for it than litigating this matter in the Eastern District of Pennsylvania. Defendant Experian, while having an office in Parsippany,

9

New Jersey, also has an office in Atlanta, Georgia — squarely within the Northern District of Georgia. Defendant Trans Union has a place of business located in Crum Lynne, Pennsylvania. Litigating this matter in Pennsylvania, therefore, may be convenient for Trans Union. However, Trans Union did not file a response opposing the Equifax Motion. Plaintiff resides in Utah, which is located over a thousand miles from both Philadelphia and Atlanta. Whether this action is litigated here or in the Northern District of Georgia, Plaintiff would be required to travel. Since she has brought this action here, she presumably would be able to travel here as necessary. It follows that she presumably would be able to shoulder the costs of traveling to the Northern District of Georgia, as well. On balance, this factor weighs slightly in favor of transfer.

Plaintiff claims that key witnesses *could* be located in this District. (Pl.'s Resp. 5 (emphasis added).) In support of this claim, she refers to an unrelated case in which Trans Union identified in its initial disclosures an employee who was located in its Crum Lynne, Pennsylvania office as a potential witness. This individual was identified as a person who had knowledge of Trans Union's consumer relations proceedings, including consumer requests for reinvestigation, contacts with the plaintiff in that case, and Trans Union's records related to those contacts. (*Id.* at 5 & Ex. E.) However, there is nothing to indicate that this individual would be called as a witness for trial in this case, and nothing demonstrating that this individual might be unavailable for trial. *See Bogollagama*, 2009 WL 4257910, at *4 ("The convenience of witnesses and location of documents are relevant to our analysis 'only to the extent that the witnesses may actually be unavailable for trial in one of the fora' and to the 'extent that the files could not be produced in the alternative forum.'") (quoting *Jumara*, 55 F.3d at 879). In contrast, Equifax has submitted a declaration stating that "[a]ll [Equifax] employees who would testify regarding

10

Plaintiff's credit file and [Equifax's] policies and procedures are located in Atlanta, Georgia." (Smith Decl. ¶ 22.) Plaintiff has not disputed this assertion. This factor weighs in favor of transfer.

Equifax contends that transfer is warranted since "Atlanta — where [Equifax] developed and implemented the challenged polices — is the situs of material events" (Pl.'s Mem. 9; Smith Decl. ¶¶ 8, 13); Equifax's consumer database is located in Atlanta (Pl.'s Mem. 2; Smith Decl. ¶ 10); "[c]onsumer credit reports are assembled in Atlanta through an automated process that uses the consumer database as the sole source of consumer information" (Pl.'s Mem. 2; Smith Decl. ¶ 12); and the information in Plaintiff's Equifax file is stored and maintained in Atlanta (Pl.'s Mem. 2; Smith Decl. ¶¶ 2-3). However, "the technological advances of recent years have significantly reduced the weight of this factor in the balance of convenience analysis." *Lomanno v. Black*, 285 F. Supp. 2d 637, 647 (E.D. Pa. 2003) (quoting *Am. High-Income Trust v. AlliedSignal, Inc.*, No. 00-690, 2002 WL 373473, at *5 (D. Del. Mar. 7, 2002) (citations omitted)). Equifax has not alleged that any of the information could not be transmitted electronically to Plaintiff's counsel or that producing such evidence would cause undue hardship. Therefore, we find this factor to be neutral. *See Smith*, 2010 WL 2270541, at *8 (finding location of books and records to have "no significant impact on the Court's decision" since defendant did not allege that the information could not be sent electronically).

  2.  *Public Interest Factors*

    a)  <u>Local Interest</u>

Courts have a local interest in having localized controversies decided at home. *Bogollagama*, 2009 WL 4257910, at *5. However, "[j]ury duty is a burden that ought not to be

11

imposed upon the people of a community which has no relation to the litigation." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947); *see also Windt*, 529 F.3d at 193 (concluding that little public interest is served by subjecting the citizens of New Jersey to jury service in a case where "no allegations that actions or events occurring in New Jersey gave rise" to the claims in that case, though two of the defendants were from New Jersey). Here, Plaintiff has made no allegation that the events giving rise to her claim occurred in Pennsylvania. She does make the assertion that witnesses and information relevant to Plaintiff's claim against Defendant Trans Union are located in this District, where Trans Union's national consumer relations center is located. However, this is a bald assertion with no support. The Complaint does not allege that Trans Union's actions or activity in Pennsylvania formed the basis of Plaintiff's FCRA claim. The other two Defendants do not maintain offices related to consumer disputes in Pennsylvania. Indeed, Equifax's headquarters are located in Atlanta, Georgia, and Experian has a business office there, as well. Plaintiff's dispute with respect to Equifax arose in Atlanta, Georgia. Also with respect to her dispute against Equifax, there are no Equifax employees in Pennsylvania or New Jersey who have knowledge about Plaintiff's credit file or who have access to corporate records relevant to this dispute. (Smith Decl. ¶ 27.) Moreover, Plaintiff does not even reside in Pennsylvania. Accordingly, the local interest is greater in Georgia than in Pennsylvania. This factor weighs in favor of transfer. *See Darden*, 2012 WL 1071227, at *3 (transferring case since "practical considerations such as the location of witnesses . . . , employees of [defendant], and possibly employees of [other defendant] and third parties," would make a "trial [in the other forum] easier and likely less expensive than one in Philadelphia").

b)   <u>Practical Considerations Concerning Efficiency</u>

As discussed above, the relevant witnesses and documents with respect to Plaintiff's dispute against Equifax are likely to be located in Atlanta, Georgia, since that is where Equifax's employees, documents and data related to this dispute are located. (*See* Smith Decl. ¶ 22.) The witnesses who would testify at trial about Plaintiff's credit file and about Equifax's policies and procedures are also located in Atlanta. (*Id.* at ¶ 22.) Therefore, the practical considerations weigh in favor of transfer.

c)   <u>Other Public Interest Factors</u>

The remaining public interest factors are neutral. Since Plaintiff's claim arises from federal law, the public interest factor concerning familiarity of the trial judge with respect to applicable state law does not tilt the balance in either direction. The parties have not submitted argument or evidence with respect to the factors of enforceability of judgment, the relative administrative difficulty in the two fora resulting from court congestion, or the public policies of the two fora.

3.   *Summary of Balancing Factors*

In sum, the balance of the private and public interest factors favors transferring this case to the Northern District of Georgia. Plaintiff would not be more inconvenienced by having to travel from Utah to Georgia, as opposed to from Utah to Pennsylvania. Equifax has demonstrated that the Northern District of Georgia is a more convenient forum for it. The other two Defendants have not opposed Equifax's Motion. Moreover, Equifax has shown that with respect to Plaintiff's FCRA claim, there are no significant ties between the claim and Pennsylvania. While Trans Union does maintain an office in Pennsylvania, it does not oppose

transfer of this case to Atlanta, Georgia. Under these circumstances, we are compelled to conclude that transfer to the Northern District of Georgia is appropriate.

## IV. CONCLUSION

For the foregoing reasons, Equifax's Motion to Transfer Venue Pursuant to Section 1404(a) is granted.

An appropriate Order follows.

                                                     **BY THE COURT:**

**R. BARCLAY SURRICK, J.**